

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2009

# USA v. Wade Knight

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1983

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Wade Knight" (2009). *2009 Decisions.* Paper 1773.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1773

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1983

UNITED STATES OF AMERICA

v.

WADE KNIGHT,
                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 94-cr-0032-7
(Honorable Gene E.K. Pratter)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2009

Before:  SCIRICA, *Chief Judge*, AMBRO and SMITH, *Circuit Judges*.

(Filed: March 5, 2009)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Wade Knight appeals a March 20, 2008, Order of the District Court, denying his

request for relief from a criminal restitution obligation while incarcerated, but

establishing a schedule of payments for Knight to make while in prison.

Knight was convicted in September 1994 of Hobbs Act robbery and related offenses. He was sentenced to seventy-two months imprisonment, three years of supervised release, and was directed to pay $100,963.41 in restitution immediately. Knight did not appeal the conviction or sentence. Six years later, in September 2000, Knight was again convicted of Hobbs Act robbery and related crimes, sentenced to 235 months imprisonment, and ordered to pay $567,605.00 in restitution. Knight's 2000 sentence relieved him of the obligation to pay restitution while incarcerated, but the earlier 1994 sentence did not provide such relief. Knight has paid only about $400 of the 1994 restitution, and the Inmate Financial Responsibility Program removes twenty-five dollars from Knight's prison account every three months toward its satisfaction.

Knight filed several pro se motions seeking modification of the 1994 restitution order under 18 U.S.C. §§ 3613(b), 3664(k), and Federal Rule of Civil Procedure 60(b), including seeking complete relief from making payments while incarcerated. In response, the Government requested the District Court order a schedule of payments to clarify Knight's obligations during his term of imprisonment. The court denied Knight's motions, but it modified the restitution order to set a schedule of payments. The court ordered Knight to pay twenty-five dollars every three months if he either does not work in a UNICOR job or if he works in a UNICOR Grade 5 position, and it ordered him to pay not less than 50 percent of his monthly wages if he works in any other UNICOR job. We have jurisdiction over the final decision of the District Court under 28 U.S.C. § 1291, and

2

we review restitution awards for abuse of discretion, *United States v. Graham*, 72 F.3d 352, 355 (3d Cir. 1995). We will affirm.

Section 3664(k) allows modification of a restitution order. Upon notification of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay," the statute permits the court to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). In its March 20, 2008, Memorandum and Order, the District Court determined Knight had failed to show a material change in circumstances, finding neither Knight's long prison term nor his limited prison earnings are changed circumstances justifying a reduction. His participation in the Inmate Financial Responsibility Program and penalties imposed under the program also do not establish changed circumstances justifying the relief sought. These conclusions are within the District Court's sound discretion.[1]

The schedule of payments set by the court is permitted by § 3664(k). If Knight works in a UNICOR Grade 5 position or does not work in a UNICOR job, the schedule leaves unchanged the twenty-five dollar obligation every three months. This is consistent with the court's conclusion that Knight's circumstances are not materially changed. If

---

[1]Knight also contends the obligation to pay certain medical costs under the Federal Prisoner Health Care Copayment Act of 2000, 18 U.S.C. § 4048, creates a material change in his economic circumstances. The statute, however, prohibits the prison from refusing medical services on account of inability to pay. *Id.* § 4048(f). Moreover, for prisoners who owe restitution, medical fees collected under the Act are paid as restitution. *Id.* § 4048(g)(1). Accordingly, the application of the statute does not affect Knight's ability to make restitution payments.

Knight works in a UNICOR job, the modification tailors Knight's obligations to his economic circumstances by varying his payments with his earnings. These modifications also fall within the discretion § 3664(k) grants the District Court.

Additionally, Knight seeks modification of the restitution order under 18 U.S.C. § 3613(b) and Federal Rule of Civil Procedure 60(b). Section 3613(b) provides for the termination of liability to pay a restitution award at the conclusion of a certain time period—"the later of 20 years from the entry of judgment or 20 years after the release from imprisonment, or upon the death of the individual fined." 18 U.S.C. § 3613(b); *id.* § 3613(f). Knight does not contend this time period has passed, and accordingly there was no error in denying the motion under § 3613(b). The Federal Rules of Civil Procedure are not applicable to criminal cases, and the District Court's denial of Knight's motion under Rule 60(b) was proper.

Accordingly, we will affirm the judgment of the District Court.